[ECF No. 35]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **KATHLEEN RUE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WEL COMPANIES, INC. et al.,**<br><br>**Defendants.** | Civil No. 23-20734 (KMW/SAK) |

**OPINION**

This matter is before the Court on the Motion to Compel Plaintiff's appearance at a presurgical Independent Medical Examination [ECF No. 35] filed by Defendants WEL Companies, Inc. and Mardelvis Cooper (collectively, "Defendants"). The Court received Plaintiff's certification in opposition to the motion [ECF No. 41]. The Court exercises its discretion to decide the motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Defendants' motion is **GRANTED.**

I.      **BACKGROUND**

Plaintiff, a Georgia resident, filed this action against Defendants alleging she sustained injuries as a result of Defendant Cooper's negligent operation of a motor vehicle owned by Defendant Wel Companies, Inc. *See* Compl. [ECF No. 1-2]. In the course of discovery and as requested by Defendants, Plaintiff notified Defendants of her surgery scheduled for August 12, 2024,[1] in Atlanta, Georgia. *Id.*, Ex. E. Thereafter, Defendants notified Plaintiff of a presurgical

---

[1] The surgery was later rescheduled for September 28, 2024. *See* Mot. at 4.

IME scheduled for August 8, 2024 in New Jersey. *Id.*, Ex. F.  Plaintiff responded that she would be unable to travel to New Jersey for the scheduled IME because she had insufficient time to book flights and arrange travel. *See id.*, Ex. G.  The parties thereafter wrote the Court, wherein Plaintiff objected to being subjected to two IMEs—one before and one after the surgery. *See* Letter [ECF No. 31].

Defendants now move to compel the presurgical IME scheduled before their expert, Dr. Simon A. Salerno, in New Jersey. *See* Mot. [ECF No. 35].  They argue they are entitled to an IME before Plaintiff's surgery because Plaintiff placed her physical condition in controversy, and thus good cause exists to determine whether the surgery is reasonable and causally related to the accident. *See generally* Defs.' Mem. Supp. Mot. [ECF No. 35].  Defendants' motion is supported by a certification from Dr. Salerno. *See* Am. Mot., Ex. I [ECF No. 38].  Dr. Salerno certifies that a presurgical examination is necessary for him to formulate an objective opinion as to whether the surgery is causally related to the accident and reasonable. *See id.* Dr. Salerno observes that Plaintiff's treating physicians had an opportunity to examine Plaintiff before recommending surgery. *Id.* at ¶ 5.  He states that without a similar presurgery examination, he would be unfairly disadvantaged if he were to opine that the surgery was not reasonable, necessary, or causally related to the accident. *Id.* at ¶ 8. Defendants maintain that denying their expert the opportunity to evaluate the Plaintiff prior to the surgery will also lead to spoilation of the evidence and place their expert at a disadvantage. *See* Defs.' Mem. Supp. Mot. at 6 [ECF No. 35].

In her opposition, Plaintiff's counsel states that "Plaintiff is not refusing to attend an IME as required by Federal Rule of Civil Procedures 35.  Plaintiff is ready, willing and able to appear and does not object to appearing for an IME; however, for a multitude of reasons, Plaintiff objects to the Plaintiff being subjected to two IMEs, one before her scheduled surgery and one after her

scheduled surgery." Pl.'s Opp'n at 2 [ECF No. 41]. Plaintiff contends that the requirement that she travel from Georgia to New Jersey before and after the surgery causes unnecessary expense, undue burden, and undue hardship. *Id.* at 3. She further contends that the presurgery IME is unnecessary because Plaintiff and Defendants will call testifying experts from New Jersey, whose opinions will be based on the medical records of Plaintiff's condition before and after the accident. *Id.* at 2. Plaintiff argues that Dr. Salerno's opinions "can easily be formulated by reviewing the radiology films taken before and after the incident." *Id.* at 3.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 35, the Court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The Court may enter the order only upon a showing by the party requesting the examination that (1) the mental or physical condition is "in controversy" and (2) "good cause" exists for the examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964). In *Schalgenhauf*, the Supreme Court recognized that in certain situations the "pleadings alone" provide a sufficient showing of the two requirements, specifically in negligence actions where a plaintiff asserts mental or physical injury. *Id.* at 119.

Here, the parties agree that Rule 35 requires Plaintiff to submit to an IME. They do not dispute that Plaintiff placed her physical condition in controversy. Plaintiff claims she sustained multiple injuries stemming from the accident. While Plaintiff does not challenge the existence of "good cause" for an IME, she argues that good cause does not exist for two IMEs—one presurgical and one postsurgical. Pl.'s Opp'n at 2 [ECF No. 41]. She argues that two IMEs would cause "unnecessary and undue hardship." *Id.* at 4.

Although Defendants argue they would be entitled to a second IME for the same reason they are entitled to a first IME, they concede that they have not requested a second IME, so the issue is not properly before the Court. Defs.' Mem. Supp. Mot. at 7 [ECF No. 35]. The Court notes that Defendants' motion seeks "an Order compelling Plaintiff, Kathleen Rue to appear for a presurgical independent medical examination with Simon A. Salerno, M.D." Defs.' Mot. [ECF No. 35]. No request is made for a postsurgical IME. *See id.* The Court finds Defendants demonstrate good cause for a presurgical IME. The Court is persuaded by Dr. Salerno's certification that the presurgical examination is critical to his ability to opine as to whether the surgery is reasonable, necessary and/or causally related to the accident. *See* Am. Mot., Ex. I at ¶ 5 [ECF No. 38]. Although Plaintiff argues that Dr. Salerno's opinions can be formed by reviewing radiology films taken before and after the incident, the Court notes that Dr. Salerno should not have to merely rely on his review of medical records, but that he is entitled to independently evaluate Plaintiff. *See Gross-Quatrone v. Mizdol*, No. 17-cv-13111, 2022 WL 254544 at *4 (D.N.J. Jan. 27, 2022), *aff'd*, 2022 WL 17976852 (D.N.J. Dec. 28, 2022) (finding "[f]undamental fairness demands that defendants equally be allowed to inquire into the cause and extent of [plaintiff's symptoms with the help of an expert]" and refusing to "hamstring the defense by limiting that inquiry to the review of plaintiff's medical records and depositions of her treating physicians"); *see also Womack v. Stevens Transport, Inc.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001) ("The promulgators of Rule 35 deemed that the opportunity to cross-examine [the other party's evaluations and expert reports] was an "insufficient test of truth" and as a result, independent examinations were prescribed.").

While the Court finds "good cause" for a presurgical IME, the Court acknowledges that every request for an examination under Rule 35 requires a showing of the "in controversy" and

"good cause" requirements. *See Schlagenhauf*, 379 U.S. at 121 ("Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule."). Should Defendants seek a subsequent IME, Defendants will need to demonstrate "good cause" in light of the previous IME. *See Pettyjohn v. Goodyear Tire & Rubber Co.*, No. 91-cv-2681, 1992 WL 176494 at *1 (E.D. Pa. July 16, 1992) (recognizing in some circumstances "the court should require a stronger showing of necessity before it will order such repeated examination") (quoting *Vopelak v. Williams,* 42 F.R.D. 387, 389 (N.D. Ohio 1967)); 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2234 (3d ed.) (recognizing courts have ordered multiple examinations; however, courts require "a stronger showing of necessity"). The Court will evaluate any subsequent request for an IME based on the circumstances at the time of the request. In the present matter before the Court, however, Defendants demonstrate "good cause" for a pre-surgical IME.

### III. <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **1st** day of **October**, **2024**, that Defendants' Motion to Compel Plaintiff's appearance at a presurgical independent medical examination [ECF No. 35] is **GRANTED**.

An appropriate Order has been entered.

<u>s/ Sharon A. King</u>
SHARON A. KING
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.